HAWAIIAN AGRONOMICS COMPANY (INTERNATIONAL), a Liberian corporation, Plaintiff,

v.

GOVERNMENT OF IRAN, Imperial Government of Iran, Islamic Republic of Iran, Khuzestan Water and Power Authority, Ministry of Agriculture and Natural Resources, and Ministry of Cooperatives and Rural Affairs, Defendants.

No. CV 79–4875–RJK (Px).

United States District Court, C. D. California.

July 9, 1981.

 

Valerie L. Baker, Lillick McHose & Charles, Los Angeles, Cal., for plaintiff.

Chris G. Gasparich, William A. Schofield, Crosby, Heafey, Roach & May, Oakland, Cal., for Government of Iran.

Asst. U.S. Atty. Dzintra I. Janavs, Los Angeles, Cal., for the United States.

## MEMORANDUM OF DECISION AND ORDER

KELLEHER, District Judge.

By its Memorandum of Decision and Order of April 30, 1981, 513 F.Supp. 864, the Court directed the parties to file memoranda addressing the question of whether plaintiff's claim is among those over which the Arbitral Tribunal was given jurisdiction. On May 22, 1981, defendants filed their memoranda, which did not address that issue, but which for the first time challenged the existence of subject matter jurisdiction. Plaintiff filed its memorandum addressing the jurisdiction of the Arbitral Tribunal on July 6, 1981. Having reviewed these memoranda of points and authorities, the declarations and exhibits filed in support thereof, and being fully informed, the Court finds that subject matter jurisdiction exists and that plaintiff's claim is not subject to the jurisdiction of the Arbitral Tribunal.

### (a) *Subject Matter Jurisdiction*

█ Plaintiff asserts that this Court's jurisdiction over the subject matter could be based on diversity of citizenship. As its memorandum makes clear, however, plaintiff is incorporated in Liberia and has its principal place of business in Hawaii. Therefore, for diversity purposes plaintiff is a "citizen" of Hawaii and of a foreign state. 28 U.S.C. § 1332(c). The provisions of 28 U.S.C. § 1332(a) do not encompass this case. Since plaintiff must be counted as an alien as well as a citizen of Hawaii, diversity does not exist for a suit against a foreign state, since both are considered alien entities for the purpose of testing the completeness of

diversity. 1 *Moore's Federal Practice* ¶ 0.75 [1.–2].

Furthermore, defendants argue that subject matter jurisdiction also is absent under the Foreign Sovereign Immunities Act, 28 U.S.C. § 1330, because it cannot support a suit by an alien against a foreign state on non-federal claims. Defendants' argument is based on a recent Second Circuit case where Judge Kaufman found that a Congressional grant of federal jurisdiction over suits by aliens against foreign states would exceed the bounds of Article III, Section 2 of the Constitution. *Verlinden B. V. v. Central Bank of Nigeria*, 647 F.2d 320 (2d Cir., 1981). The *Verlinden* analysis is not persuasive here, however. In *Verlinden*, the court searched the text of Article III for language to permit the bringing of a suit by an alien corporation whose principal place of business also was in a foreign country. The court found that the diversity language of Article III did not support such a suit because the phrase "Controversies . . . between a State, the Citizens thereof, and foreign States, Citizens or Subjects" did not include suits between two aliens. *Id.* at 324. Furthermore, the court found that suits over non-federal claims, such as for breach of contract, would not be covered by the federal question language of Article III, even though they are brought against a foreign state. Thus the court concluded that Article III did not empower Congress to create jurisdiction in federal courts over a suit brought by an alien against a foreign state on a non-federal claim.

■ This case, however, differs from *Verlinden* in one significant respect. In *Verlinden* the plaintiff was incorporated in a foreign state *and* had its principal place of business outside the United States. Here plaintiff is incorporated in Liberia, but its principal place of business is in Hawaii. Therefore, plaintiff's suit falls within the class of diversity cases described in Section 2 of Article III of the Constitution. For diversity purposes, Congress has defined "citizenship" of a state to include those corporations whose principal place of busi-

ness is in any State of the Union. 28 U.S.C. § 1332(c). Accordingly, although complete diversity is lacking under 28 U.S.C. § 1332, Article III empowered Congress to create jurisdiction over suits against a foreign state on a non-federal claim brought by a citizen of a state because it extends the judicial power to "Controversies . . . between a State, the Citizens thereof, and foreign States." Judge Kaufman recognized as much in footnote 17 of the *Verlinden* opinion:

> If the case were between an alien and an American on one side and an alien on the other, diversity jurisdiction would not exist under § 1332, [cite omitted], but it might be available to Congress under Article III.

*Id.* at 325. Here vested in one party is citizenship of a foreign state *and* of an American state. Therefore, the Court finds that Congress was constitutionally empowered to grant jurisdiction under the Foreign Sovereign Immunities Act over non-federal claims brought against a foreign state by an alien corporation whose principal place of business is in an American state. Accordingly, this Court has subject matter jurisdiction over plaintiff's claim under 28 U.S.C. § 1330(a).

(b) *Arbitrability of Plaintiff's Claim*

■ Having determined that this Court has subject matter jurisdiction over this suit, the Court further finds that plaintiff's claims do not fall within the class of suits over which the Arbitral Tribunal has jurisdiction. The Settlement Agreement gave the Tribunal jurisdiction over "claims of nationals of the United States against Iran." Settlement Declaration, Article II. The term "claims of nationals" is defined by the Settlement Declaration as:

> claims owned continuously, from the date on which the claim arose to the date on which this agreement enters into force, by nationals of the state, including claims that are owned indirectly by such nationals through ownership of capital stock or other proprietary interests in juridical persons, provided that the ownership interests of such nationals, collectively,

were sufficient at the time the claim arose to control the corporation or other entity, and provided, further, that the corporation or other entity is not itself entitled to bring a claim under the terms of this agreement.

Settlement Declaration, Article VII. The plaintiff in Hawaiian Agronomics is not entitled to bring a claim before the Tribunal on its own behalf since it is not organized under the laws of the United States. Furthermore, the parent corporation of plaintiff would not be entitled to bring a claim before the Tribunal because since September 28, 1979, plaintiff has been wholly owned by a Swiss corporation. Therefore, although plaintiff previously had been owned by Americans, the ownership was not continuous. It appearing that the Arbitral Tribunal does not have jurisdiction over plaintiff's claim, plaintiff may proceed to litigate its action before this Court.

### (c) *The Attachment of Iranian Assets*

■ Although plaintiff cannot pursue its claim against Iran before the Arbitral Tribunal, it is not entitled to secure its claim before this Court with the Iranian assets presently under attachment. The provisions for resolving the claims of United States nationals against Iran are wholly separate from the obligation of the United States to terminate all attachments of Iranian assets obtained after the November 14, 1979 Executive Order. Justice Rehnquist, writing for the Supreme Court in *Dames & Moore v. Regan,* —— U.S. ——, 101 S.Ct. 2972, 69 L.Ed.2d 918 (1981), explicitly recognized the separateness of these obligations when he wrote:

> Under the Agreement, the United States is obligated
>
> "to terminate all legal proceedings in the United States courts involving claims of United States persons and institutions against Iran and its state enterprises, to nullify all attachments and judgments obtained therein, to prohibit all further litigation based on such claims, and to bring about the termination of such claims through binding arbitration.

*In addition,* the United States must "act to bring about the transfer" by July 19, 1981, of all Iranian assets held in this country by American banks.

*Id.* at ——, 101 S.Ct. at 2979 (emphasis added) (citations omitted). Therefore, the Court hereby vacates the attachments of Iranian assets that were secured as provisional relief for plaintiff's claim.

The Clerk shall send, by United States mail, a copy of this Memorandum of Decision and Order to counsel for the parties.